No. 2788.

SINDY ELKINS *v.* THE STATE

1. APPEAL BOND from the justice's to the county court was conditioned that "the defendant shall prosecute her appeal with effect, and shall pay such fine and costs as shall be adjudged against her by the county court, as well as other costs that may be adjudged against her in the court below." *Held* sufficient, and that the ruling of the county court dismissing the appeal on the ground that the bond was insufficient was erroneous.

2. DISTURBANCE OF THE PEACE—INFORMATION, to charge the offense of using abusive language to another in a manner calculated to provoke a breach of the peace, should allege that the language was used in the presence or hearing of the injured party. (Willson's Crim. Stats., Arts. 495*a*, 495*b*.)

APPEAL from the County Court of Morris. Tried below before the Hon. D. M. Rodes, County Judge.

This appeal is prosecuted from the ruling of the county court dismissing an appeal prosecuted thereto from the justice's court, upon the ground that the appeal bond was insufficient.

*Moore & Hart,* for the appellant.

*W. L. Davidson,* Assistant Attorney General, for the State.

HURT, JUDGE. Appellant was convicted before a justice of the peace, and, in order to perfect an appeal to the county court, filed an appeal bond conditioned "that the defendant shall prosecute her appeal with effect, and shall pay such fine and costs as shall be adjudged against her by the county court, as well as other costs that may be adjudged against her in the court below." In the county court the appeal bond was held insufficient and the appeal dismissed. This was error. The bond was substantially in compliance with the statute. The judgment of dismissal is set aside and the cause remanded for trial.

We call attention of the court below to the complaint in this case. The complaint fails to state that the language was used in the presence or hearing of Shepperd. It fails to set out the language used—simply pleading a conclusion.

*Reversed and remanded.*